

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 21, 1974

The Honorable William H. Skelton          Opinion No. H- 427
Chairman, Board of Pardons and Paroles
Room 711, Stephen F. Austin Bldg.          Re:  Availability under the
Austin, Texas 78701                              Open Records Act of
                                                 files of the Board of
Dear Mr. Skelton:                                Pardons and Paroles

You have asked whether the Board of Pardons and Paroles is required
to make available its files on prisoners to the public and individual members
of the Legislature. You have directed our attention to Article 42.12, Sec. 27,
V. T. C. C. P., which provides:

> All information obtained in connection with
> inmates of the Texas Department of Corrections
> subject to parole or executive clemency or indivi-
> duals who may be on parole and under the super-
> vision of the division, or persons directly iden-
> tified in any proposed plan of release for a parolee,
> shall be privileged information and shall not be
> subject to public inspection; provided, however,
> that all such information shall be available to the
> Governor and the Board of Pardons and Paroles
> upon request. It is further provided, that statis-
> tical and general information respecting the parole
> program and system, including the names of pa-
> roled prisoners and data recorded in connection
> with parole services, shall be subject to public
> inspection at any reasonable time.

The Open Records Act, Article 6252-17a, V. T. C. S., provides in part
that:

> Sec. 3. (a) All information collected,
> assembled, or maintained by governmental
> bodies pursuant to law or ordinance or in con-
> nection with the transaction of official business
> is public information and available to the public

> during normal business hours of any govern-
> mental body, with the following exceptions only:
>
> (1) information deemed confidential by law,
> either Constitutional, statutory, or by judicial
> decision:
>
> . . .

By virtue of the language of Article 42.12, Sec. 27, V. T. C. C. P.,
indicating that parole information on inmates is privileged and not
subject to inspection by the public, we believe it is information deemed
confidential by law and thus not required to be disclosed to members
of the public under the Open Records Act.

The Open Records Act also provides:

> Sec. 3(a) . . .
>
> (b) This section does not authorize withholding
> of information or limit the availability of records
> to the public, except as specifically stated in this
> section. This section is not authority to withhold
> information from individual members or committees
> of the legislature to use for legislative purposes.
>
> Sec. 14(a) . . .
>
> (c) This Act does not give authority to withhold
> information from individual members or committees
> of the Legislature of the State of Texas to use for
> legislative purposes.

In Attorney General Opinion H-353 (1974) we considered these pro-
visions of the Open Records Act. There we decided that while an agency
could find no authority in the Open Records Act to deny a legislator's
request for information, the Open Records Act did not give legislators
access to information made confidential by other statutes. Both pro-
visions of the Open Records Act which discuss legislative access to
information are limited by their terms to the Open Records Act and do
not support an interpretation that the provisions were intended to affirm-
atively open material made confidential elsewhere.

Due to the limited scope of your inquiry we do not consider the obligation of the Board to comply with a subpoena duces tecum issued by a legislative committee or with a request by a committee to inspect the Board's files.  See, The Legislative Reorganization Act of 1961, Article 5429f, Secs.  12 and 18, V. T. C. S.

## SUMMARY

The Open Records Act does not require the Board of Pardons and Paroles to reveal its files on an inmate to an individual legislator.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee